UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

RICARDO  ARREDONDO, *et al*,　　　　§
　　　　　　　　　　　　　　　　　　§
　　　　　Plaintiffs,　　　　　　　　§
VS.　　　　　　　　　　　　　　　　§　　　CIVIL ACTION NO. 2:14-CV-170
　　　　　　　　　　　　　　　　　　§
JOEY  ESTRADA, *et al*,　　　　　　　§
　　　　　　　　　　　　　　　　　　§
　　　　　Defendants.　　　　　　　　§

## <u>ORDER</u>

Defendant Joey Estrada (Estrada), appearing pro se, has admitted that he lied under oath during a June 4, 2015 deposition in this matter.  His lies involved denying meeting with Plaintiffs' counsel, Greggory A. Teeter (Teeter) on June 3, 2015, to prepare for his deposition.  Teeter, who was in attendance at the June 4 deposition failed to correct the record to disclose the truth.  Defendant Weatherford International, LLC (Weatherford) seeks sanctions against both Estrada and Teeter.

Before the Court are the following:

- Weatherford's Motion to Prohibit Use of Certain Evidence and for Sanctions (D.E. 61), along with Plaintiff's Response (D.E. 72) and Weatherford's Reply (D.E. 74); and

- Plaintiffs' Motion to Strike Weatherford's Motion to Prohibit the Use of Certain Evidence and for Sanctions (D.E. 76).

For the reasons set out below, the Court GRANTS the motion for sanctions (D.E. 61) and DENIES the motion to strike (D.E. 76).

Plaintiffs, former employees of Weatherford, filed suit against Weatherford and their former supervisor, Estrada, for abuse that Estrada meted out to them during their employment. Estrada's conduct, which Weatherford has conceded took place, included assault against the Plaintiffs. Complicating this case is the fact that Estrada, whose employment with Weatherford was terminated after the allegations came to light, is representing himself. Counsel on both sides of this dispute, without the prior knowledge of their opposing counterparts, have sought and obtained Estrada's cooperation at different times, resulting in Estrada's self-contradictory testimony, and allegations of perjury and sanctionable conduct.

## DISCUSSION

### A. Gamesmanship and Lies

On October 10, 2014, Estrada filed a general denial, after consulting with Weatherford's counsel. D.E. 14; D.E. 61-3, p. 21. On March 2, 2015, Weatherford's counsel engaged in a telephone conversation with Estrada in which Estrada discussed the case in terms allegedly consistent with his previously filed general denial. D.E. 50, p. 2. Thereafter, on or about March 30, 2015, Weatherford sought and obtained Estrada's judicial admissions by way of an email exchange of documents. D.E. 50-2. Those ostensibly unsigned judicial admissions "admit" that the facts are consistent with Weatherford's defense. Weatherford claims to have given notice of the judicial

admissions to Plaintiffs "between depositions, during a lunch break, on Tuesday, April 28, 2015." D.E. 61, p. 2.

According to the Court's Scheduling Order, the discovery deadline was May 4, 2015.  D.E. 13.  On that date, Plaintiffs filed their Motion for Leave to Extend the Discovery Deadline (D.E. 35), seeking additional corporate representative discovery and complaining that Weatherford had delayed producing documents relevant to the previous deposition of its corporate representative until the day before and day of the deposition, which took place on April 29, 2015.  D.E. 35, pp. 2-3.

On May 8, 2015, in the process of resisting Plaintiffs' request to extend the discovery deadline, Weatherford filed a response that revealed that it intended to file a motion for summary judgment.  D.E. 43.  On that day, attorney Greggory A. Teeter (Teeter) of the Law Office of Thomas J. Henry met with Estrada and obtained his signature on an affidavit that admits to the wrongful conduct alleged in Plaintiffs' complaint, contrary to his previous judicial admissions.  D.E. 50-1.  The affidavit is specifically couched in language designed to create disputed issues of material fact on each of Plaintiffs' theories of recovery.

At about the same time, Plaintiffs contacted Weatherford's counsel to obtain a copy of Estrada's alleged judicial admissions, which they claim they had not previously been served with.  D.E. 61, p. 2.  There is no competent evidence that Estrada's response to the request for admissions is signed as required by Federal Rule of Civil Procedure 36(a)(3) or that it was previously (or timely) served on Plaintiffs as required by the rules.  However, Weatherford has not attempted to rely on Estrada's alleged admissions in its

summary judgment motion (D.E. 57) or any other filing with this Court that seeks substantive relief.

Counsel appeared for a hearing in this Court on May 13, 2015, regarding Plaintiffs' request to extend the discovery deadline for additional corporate representative discovery from Weatherford.  Knowing that Estrada's May 8, 2015 affidavit would trigger Weatherford to request a post-deadline deposition of Estrada to test the information in the affidavit, attorney Teeter withheld the 8-page affidavit and the fact of its existence from Weatherford's counsel and the Court.  Attorney Teeter disclosed the Estrada affidavit only after he had secured an agreement from Weatherford for additional corporate representative discovery and the hearing was concluded, thereby preventing Weatherford from contemporaneously seeking any reciprocal relief.  D.E. 50, p. 2.

The following day, Weatherford filed its Expedited Motion for Leave to Depose Estrada (D.E. 50).  The motion was heard and granted on May 15, 2015.  D.E. 55. Suspicious of the way Estrada's affidavit was obtained (its timing, unquestionable pro-Plaintiff content, and the notary being on Plaintiffs' counsel's staff), Weatherford engaged the services of a private investigation firm to follow Estrada on the day prior to the deposition.  The private investigator documented that, on June 3, 2015, the day before Estrada's deposition:

- Estrada arrived at the Law Office of Thomas J. Henry, Plaintiffs' counsel, at approximately 10:55 a.m.;

- Estrada left the office with attorney Teeter in Teeter's automobile at approximately 11:25 a.m. and returned to the office at 1:46 p.m.;

- Estrada left the office with attorney Teeter at approximately 4:50 p.m., walking around the corner; and

- Estrada left the office at approximately 6:40 p.m.

D.E. 61-1.

The following day, Estrada testified under oath in his deposition that he had not met with anyone, spoken with anyone, reviewed any documents, or done anything in preparation for that deposition.  D.E. 61-3.  While Plaintiffs contend that the questions were poorly worded, the questions did address the time period from the date the judge ordered the deposition until the time of the deposition.  D.E. 61-3, pp. 21-22.  And Estrada did specifically deny having engaged in any preparation for the deposition.  More specifically, Estrada denied having met with attorney Teeter at any time other than May 8, 2015, when he "told his story" and signed the affidavit.  D.E. 61-3, p. 17.  Attorney Teeter, who attended the Estrada deposition, did not correct the record about his face-to-face meeting with Estrada the day before, but rather made objections, such as "asked and answered" to move away from the subject of Estrada's preparation.  D.E. 61-3.

On June 9, 2015, Weatherford filed its motion for sanctions and later sought to expedite that motion (D.E. 61, 62), revealing that it had surveillance video and private investigator evidence that Estrada had lied in his deposition and suggesting that he was

thus colluding with attorney Teeter regarding this case.  Weatherford further complained that attorney Teeter, who failed to correct the record as to his meeting with Estrada, had violated a duty of candor to the Court.  On June 17, 2015, the Court heard the motion to expedite and ordered both Estrada and attorney Teeter to submit to depositions regarding the fact that they had met immediately prior to Estrada's June 4 deposition and failed to disclose that meeting at the time of Estrada's June 4, 2015 deposition.

Estrada's resulting June 19, 2015 deposition confirmed that he had knowingly lied when he claimed to have not met with attorney Teeter in preparation for his deposition. While he variously testifies that he was nervous, confused, that the questions were not clear, or that he misunderstood, Estrada also testified that he understood the questions and intentionally lied.

> A: It's just my nature.
>
> Q: What do you mean by that?  You're not saying it's your nature to lie, are you?
>
> A: I'm going to say whatever I got to say to protect my ass.

D.E. 74-1, p. 7.  He admitted that a number of his responses were "lies," and that he intended to conceal his meeting with attorney Teeter.

Attorney Teeter admitted in his deposition that he had met with Estrada on June 3, 2015, and that they had gone over Estrada's affidavit, with attorney Teeter testing Estrada's defense of the affidavit and further discussing the type of questioning Estrada should expect from Weatherford.  D.E. 74-2, p. 7.  Attorney Teeter testified that he did not believe that he had any duty to correct Estrada's deposition testimony about the

meeting.  D.E. 74-2, p. 3.  He further testified that he was not really paying attention, had no need to correct a non-client's testimony, and believed it to be a collateral matter.  D.E. 74-2, pp. 4-5, 13-14.

In its motion for sanctions (D.E. 61), Weatherford seeks the following relief in addition to the depositions ordered on June 17, 2015:

- Sanctions against Estrada (suggesting death penalty sanctions);

- A prohibition against Plaintiffs (but not Weatherford) from using Estrada's testimony;

- A prohibition against any additional communications between attorney Teeter and Estrada unless it takes place in open court or in Weatherford's presence;

- An order requiring attorney Teeter and Estrada to disclose their cell phone, text, and email records;

- An order requiring Estrada to pay Weatherford's costs and attorney's fees associated with the motion for sanctions;

- Removal of attorney Teeter from this case; and

- An order requiring attorney Teeter to pay Weatherford's costs and attorney's fees associated with the motion for sanctions.

The Court agrees that some sanctions are warranted in this instance.

### 1. The Court Has Authority to Issue Sanctions

As it is often said, harm lies not in the act, but in the cover-up.  Plaintiffs had every right to confer with Estrada as many times as they chose to do so and obtain an affidavit from him that is favorable to their case.  They did not have the right, however, to withhold knowledge of the existence or content of the affidavit from opposing counsel or the Court when the Court was evaluating Plaintiffs' need for additional discovery after the initial discovery deadline had passed.  Plaintiffs thus did not supplement in a "timely manner" as required by Federal Rule of Civil Procedure 26(e)(1)(A), given that the discovery deadline had passed and extension of the deadline was then under consideration by the Court.

While the intentional delay of disclosure of the Estrada affidavit may have constituted sanctionable discovery abuse under Federal Rule of Civil Procedure 37(c), Weatherford has not based its motion on the discovery rules[1] and the Court declines to do so sua sponte.  This incident is noted, however, because of attorney Teeter's intentional conduct and because that conduct drained judicial resources in this Court, which has been operating with a longstanding judicial vacancy that already taxes its resources to their limits.

Just as attorney Teeter had a duty to timely disclose the Estrada affidavit, attorney Teeter had a duty of candor to the Court to correct the clear misrepresentations made by

---

[1]   Rule 37(c) allows sanctions unless the abuse is "harmless."  Because the Court ordered that Weatherford could take the deposition of Estrada despite the discovery deadline issue, it is arguable that the act was harmless as to Weatherford for trial purposes.  However, that does not nullify the harm caused by additional proceedings in an overworked court.

Estrada during his deposition regarding their face-to-face meeting on June 3, 2015, and its relevance to Estrada's deposition the following day.   Attorney Teeter's failure to disclose the meeting cannot be excused for inattentiveness, because Estrada was not his client, or as a collateral matter.

Attorney Teeter's claim that he was not paying much attention rings hollow.   He was present for the purpose of attending to the testimony Weatherford would elicit from Estrada's deposition.   No other attorney was present on behalf of Plaintiffs.   D.E. 75-6, p. 2.   He was further paying enough attention to interject objections to continued questions about the meeting and Estrada's preparation for his deposition.

A lawyer, bound by the Texas Disciplinary Rules of Professional Conduct (TDRPC), has a duty of candor toward the Court.   "A lawyer shall not knowingly . . . (2) fail to disclose a fact to a tribunal when disclosure is necessary to avoid assisting a criminal or fraudulent act."   TRPC 3.03(a), (made applicable to representation in this Court by Rules of Discipline of the United States Court, Southern District of Texas (RDUSC), Rule 1).   Nothing about this duty requires that the criminal or fraudulent act be one perpetrated by the lawyer's own client.   *See id*. (comments 5 and 6 referring to testimony of a client or "another person").   In fact, Estrada's status as a non-client actually weighs heavily in favor of an expansive duty to disclose.

Estrada's lies, which were intended to conceal the fact that he met with attorney Teeter, constitute fraud or perjury.   Estrada's testimony was clearly false and was intended to induce the parties and the Court to believe that he acted fully independently of Plaintiffs' counsel, thus lending greater credibility to, and reliance upon, his testimony

against Weatherford.  These lies were not collateral matters.  Estrada's credibility and his allegiances are directly relevant to the weight to be given all of his testimony in this case. As such they are matters that Weatherford was entitled to test in deposition.  In fact, it was the primary reason for the deposition—to test the reliability of Estrada's representations in his affidavit.

Importantly, they were not matters about which attorney Teeter had no direct personal knowledge.  At issue was a face-to-face meeting that Estrada had with attorney Teeter.  Attorney Teeter could not help but know that Estrada was failing to tell the truth while under oath.  He had a duty as a lawyer to correct the record for the Court.

The Court has inherent power over lawyers who practice in this Court and over the conduct of the proceedings.  *See* RDUSC, Rule 10.  According to the Supreme Court of the United States:

> It has long been understood that "[c]ertain implied powers must necessarily result to our Courts of justice from the nature of their institution," powers "which cannot be dispensed with in a Court, because they are necessary to the exercise of all others."  For this reason, "Courts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates." These powers are "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."
>
> Prior cases have outlined the scope of the inherent power of the federal courts. For example, the Court has held that a federal court has the power to control admission to its bar and to discipline attorneys who appear before it.  While this power "ought to be exercised with great caution," it is nevertheless "incidental to all Courts."

. . .

> Because of their very potency, inherent powers must be exercised with restraint and discretion.  A primary aspect of that discretion is the ability to fashion an appropriate sanction for conduct which abuses the judicial process.

*Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-45 (1991) (citations omitted).

The Court is aware that the most draconian sanctions should be reserved for use when lesser sanctions have been tried and have failed to achieve appropriate compliance with the Court's authority.  *Brown v. Oil States Skagit Smatco*, 664 F.3d 71, 77 (5th Cir. 2011).  The Court is also cognizant that Plaintiffs are not responsible for the particular offending conduct of their attorney.

### 2.  Sanctions Against Estrada

While Estrada's offense is egregious, the Court DENIES Weatherford's request to issue death penalty sanctions.

### 3.  Estrada's Testimony

Weatherford has essentially admitted to Estrada's conduct in this case, independent of Estrada's affidavit or other testimony.  And as a result of the June 4 and 19, 2015 depositions, Estrada's credibility is utterly destroyed so it is difficult to imagine why any party to this case would rely on his testimony.[2]  Because he has shown that his answers can change dramatically, the search for the truth would not be served by allowing Weatherford to use certain portions of Estrada's testimony and preventing

---

[2]   This Court, evaluating Weatherford's Motion for Summary Judgment (D.E. 57), found that its determination did not depend upon consideration of Estrada's affidavit, which Plaintiffs had submitted.

Plaintiffs from displaying his lack of credibility.  The request to limit Estrada's testimony is DENIED.

### 4.  Future Communications Between Teeter and Estrada

Because Estrada and Teeter failed to disclose that they had communicated when they had a duty to do so and attorney Teeter's response reflects a belief that he is not required to make such a disclosure, the Court GRANTS Weatherford's request to place limits on attorney Teeter's communications with Estrada.  The Court ORDERS that Teeter may not communicate with Estrada unless the communication takes place in Weatherford's presence.

### 5.  Discovery of Records of Past Communication Between Teeter and Estrada

Because of the lack of candor of both Estrada and attorney Teeter, the Court GRANTS Weatherford's request for discovery and ORDERS Estrada and attorney Teeter to turn over to Weatherford their cell phone, email, and text records for the period May 1, 2015, through today's date with respect to any communication between them.  Estrada must disclose all records including those involving communication with any person at the Law Offices of Thomas J. Henry.  Said records shall be provided to Weatherford on or before the 10th day following the issuance of this Order.

### 6.  Weatherford's Costs and Attorney's Fees

The Court FINDS that both Estrada and attorney Teeter have caused the vexatious multiplication of proceedings in this action.   Therefore, the Court GRANTS

Weatherford's request for payment of its costs and attorney's fees and ORDERS Weatherford to submit to the Court its accounting of costs and attorney's fees for preparation and filing of its Expedited Motion for Leave to Depose Jose Estrada, Jr. (D.E. 50), Motion to Prohibit Use of Certain Evidence and for Sanctions (D.E. 61), Motion for Expedited Consideration and Ruling of [sic] Weatherford's Motion to Prohibit Use of Certain Evidence and for Sanctions (D.E. 62), and for preparation and attendance at the depositions of Estrada and attorney Teeter on June 19, 2015.

### 7.  Removal of Attorney Teeter

The Court DENIES Weatherford's request to remove attorney Teeter from this case only because doing so at this time with trial fast approaching, would be unduly draconian as to Plaintiffs.

ORDERED this 28th day of July, 2015.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE